Lucy C. GRAVES, Individually, and Lucy C. Graves with First Security National Bank & Trust Company, as Joint Executors of the estate of Joseph C. Graves, deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

F. H. WRIGHT and Margaret Wright, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Dr. Coleman C. JOHNSTON and Inez Johnston, his wife, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Thomas Morrison Carnegie JOHNSTON, Plaintiff,

v.

UNITED STATES of America, Defendant.

Nos. 1499–1502.

United States District Court
E. D. Kentucky,
Lexington Division.

Jan. 12, 1965.

Shouse & Barker, Lexington, Ky., for plaintiffs.

Louis F. Oberdorfer, Asst. Atty. Gen., C. Moxley Featherston, Daniel A. Wilson, Jr., Andrew H. LaForce, II, Attys., Department of Justice, Washington, D. C., Bernard T. Moynahan, Jr., U. S. Atty., George I. Cline, Moss Noble, Asst. U. S. Attys., Lexington, Ky., for defendant.

SWINFORD, Chief Judge.

These consolidated cases are submitted on the motions of the plaintiffs and defendant, respectively, for a summary judgment.

The court is of the opinion that the plaintiffs' motion for summary judgment should be overruled and that the defendant's motion for summary judgment should be sustained.

The facts on which the parties rely in support of their respective motions are stipulated by the parties and entered of record. On these facts it is the contention of the plaintiffs that they are entitled to deductions from their 1957, 1958 and 1959 tax returns for necessary travel expenses incurred by them, legal

fees and other sums for maintenance repairs on the residence which they maintain on the Cumberland Island property. They rely upon the terms of the constructions given to 26 U.S.C.A. § 212(2), which reads as follows:

"In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year—

\*     \*     \*     \*     \*

(2) for the management, conservation, or maintenance of property held for the production of income; or \* \* \*."

Mrs. Lucy C. Carnegie died a resident of the State of Pennsylvania. Her will, among other things, provided as follows:

"(f) In the event the trust herein created for said Island property, or any portion thereof, has not terminated before the death of the last survivor of my said children, the said trust shall then terminate and the whole or any portion thereof remaining unsold shall be vested, but not before, absolutely in such persons and for such estates and proportions as would take the same under the intestate laws of the State of Pennsylvania had I died intestate possessed thereof, and all my named children had survived me and died intestate, except that the husband of any of my said daughters shall be excluded from the right to any portion thereof as tenant by courtesy."

The plaintiffs came into possession of the trust estate upon the death, on April 15, 1962, of Florence C. Perkins, the last surviving child of Lucy C. Carnegie. It is thus seen that all of the expenditures incurred by the plaintiffs in connection with the trust estate were prior to the happening of the contingency which brought them into their inheritance and identified the proper beneficiaries of the trust. In Carnegie v. First National Bank of Brunswick, Trustee, 218 Ga. 585, 129 S.E.2d 780, it was held that the plaintiffs, throughout the entire period of the trust, were contingent remaindermen and that the property was *held* by the trustee, First National Bank of Brunswick. The plaintiffs, therefore, had no vested interest nor any assurance that they or their heirs would ever have any interest. The requirement of the statute that a deduction be made for the management, conservation or maintenance of property *held* for the production of income is not met.

Whatever results the plaintiffs got for their expenditures on Cumberland Island could only be for the benefit of an estate *held* by another; that they are not entitled to deduct expenses for income for another is well settled. First National Bank of Kansas City v. Nee, 8 Cir., 190 F.2d 61.

The court is of the opinion that this whole matter is fully determined and adjudicated in the litigation before the Supreme Court of the State of Georgia in the following cases; Rockefeller v. First National Bank of Brunswick, Trustee, 213 Ga. 493, 100 S.E.2d 279; Rockefeller v. First National Bank of Brunswick, Trustee, 213 Ga. 766, 102 S. E.2d 28; Carnegie v. First National Bank of Brunswick, Trustee, supra. The Georgia Supreme Court found that the property was held for residential and recreational purposes, thus eliminating any right to claim a deduction for management, conservation or maintenance of property held for the production of income.

An order dismissing the complaints in these consolidated cases is this day entered.